UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUAN D. MARTINEZ,

      Plaintiff,

v.                                CASE No. 8:14-CV-182-T-23TGW

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

      Defendant.

_____

## REPORT AND RECOMMENDATION

      The plaintiff in this case seeks judicial review of the denial of his claim for supplemental security income payments.[*] Because the decision of the Commissioner of Social Security is supported by substantial evidence and contains no reversible error, I recommend that the decision be affirmed.

I.

      The plaintiff, who was fifty-three years old at the time of the administrative hearing and who had a ninth grade education in Cuba, but cannot speak English, has worked as a welder's helper (Tr. 61, 62). He filed

_____

[*]This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998. See also Local Rule 6.01(c)(21).

a claim for supplemental security income payments, alleging that he became disabled due to depression, anxiety, and back problems (Tr. 240). The claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received a _de novo_ hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of degenerative disc disease, depression, and panic disorder (Tr. 41). The law judge concluded that these impairments limited the plaintiff to medium work involving "unskilled work, SVP 1 or 2, with simple, routine, repetitive tasks; occasional interaction with the public; occasional changes in the work setting; that does not require communicating in English" (Tr. 44). The law judge determined that these limitations prevented the plaintiff from returning to prior work (Tr. 48). However, based upon the testimony of a vocational expert, the law judge found that jobs existed in significant numbers in the national economy that the plaintiff could perform, such as auto detailer, packer, and laundry worker (Tr. 49). Accordingly, the law judge decided that the plaintiff was not disabled (_id._).

The plaintiff sought review of the law judge's decision by the Appeals Council, and submitted additional evidence in support of that

request.   The Appeals Council considered that evidence, as well as the

reasons for disagreement with the decision (Tr. 1), and "found that this

information does not provide a basis for changing the Administrative Law

Judge's decision" (Tr. 2).  It added (id.):

> We also looked at the following evidence: medical
> records from Advanced Diagnostic Group dated
> November 7, 2012; medical records from Mental
> Health Care, Inc. dated December 19, 2012 through
> December 20, 2012; medical records from Tower
> Radiology Centers dated March 13, 2013; and
> medical records from Baycare Outpatient Imaging
> dated June 7, 2013. The Administrative Law Judge
> decided your case through October 25, 2012. This
> new information is about a later time. Therefore, it
> does not affect the decision about whether you
> were disabled beginning on or before October 25,
> 2012.

Consequently, the law judge's decision is the final decision of the

Commissioner (Tr. 1).

## II.

In order to be entitled to supplemental security income, a

claimant must be unable "to engage in any substantial gainful activity by

reason of any medically determinable physical or mental impairment which

... has lasted or can be expected to last for a continuous period of not less than

twelve months." 42 U.S.C. 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the

witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff challenges the administrative decision only on the ground that "through the Appeals Council, the Commissioner failed to fully and adequately consider certain evidence submitted, post-decision" (Doc. 20, p. 2). This undeveloped argument lacks merit.

The plaintiff's argument is based upon evidence first submitted to the Appeals Council after the law judge's decision. The regulations provide that the Appeals Council will review a case if, among other things, "[t]he action, findings or conclusions of the administrative law judge are not supported by substantial evidence." 20 C.F.R. 416.1470(a)(3). The regulations provide further (20 C.F.R. 416.1470(b)):

> In reviewing decisions based on an application for benefits, if new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision.... It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

Judicial review of the Appeals Council's consideration of new evidence is governed by <u>Ingram</u> v. <u>Commissioner of Social Security Administration</u>, 496 F.3d 1253 (11th Cir. 2007). The Eleventh Circuit sought to clarify in <u>Ingram</u> the law concerning the nature and extent of judicial review of new evidence that was first presented to the Appeals Council. In my view, <u>Ingram</u> held that, when the Appeals Council considers new evidence and denies review, the district court should determine whether the

Appeals Council has correctly decided that the law judge's findings are not

contrary to the weight of all the evidence.  See Tucker v. Astrue, 2008 WL

2811170 (M.D. Fla. 2008).  This assessment is undertaken to determine

whether there has been a violation of 20 C.F.R. 416.1470(b), which directs

which cases the Appeals Council will review.

The plaintiff, therefore, has to overcome four hurdles in order to

prevail on his Ingram claim.  Thus, he must show (1) that the evidence relates

to the period on, or before, the date of the law judge's decision, (2) that the

evidence is new, (3) that the evidence is material, and (4) that the Appeals

Council erred in deciding that the law judge's findings were not contrary to

the weight of all the evidence.  The plaintiff has not even meaningfully

addressed these hurdles, much less shown that he can overcome them.

The Appeals Council considered the additional evidence, and,

after noting that the report dates were all weeks, or months, after the law

judge's decision, concluded that the evidence was about a time after the law

judge's decision so that it did not affect that decision (Tr. 2).  The plaintiff

has made no attempt to show, by discussion of that evidence, that any of it

relates to the period on, or before, the law judge's decision.  The only mention

in the plaintiff's memorandum of the additional evidence was the following sentence: "However, the MRI of March 13, 2013 (T. 20), and, most especially, the MRI of the cervical spine dated November 7, 2012 (T. 23), barely a month after the ALJ's decision, clearly show that significant dysfunctions are present, which certainly warrant further consideration with regard to the Plaintiff's limitations and credibility" (Doc. 20, p. 6). That lone sentence does not establish that the additional evidence related to the period prior to the law judge's decision and it certainly does not compel the conclusion that the Appeals Council erred in concluding otherwise.

Furthermore, even if the plaintiff had shown that the evidence related to the period prior to the law judge's decision (which he has not), the plaintiff would still have to show that the evidence was new and material in order to invoke §416.1470. Evidence is considered new if it is not cumulative. Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998), cert. denied, 525 U.S. 1124 (1999). Evidence is material if there is a reasonable possibility that the new evidence would change the administrative result. Id.

The Commissioner argues with some force that the additional MRI's are cumulative to MRI's that were in the record and discussed by the

law judge (see Tr. 46) (Doc. 21, p. 6). The record contained an MRI of the plaintiff's cervical spine from October 12, 2007 (Tr. 295-96), and an MRI of the lumbar spine from November 9, 2007 (Tr. 297-98). The Commissioner asserts that there is an "absence of difference between the two sets of MRIs" (Doc. 21, p. 6). That is a fair characterization of the MRI's. Thus, although the MRI reports were written by different radiologists and have different wording, they reflect essentially the same findings (see Tr. 299-300, 302) (interpretation of cervical MRI of October 2007). Significantly, the plaintiff did not even mention the 2007 MRIs, much less attempt to show by comparison to the recent MRIs, that the recent MRIs had more substantial findings. Therefore, the additional MRI's were cumulative and did not constitute new evidence.

Furthermore, since the additional evidence did not include new evidence, there is not a reasonable possibility that it would change the administrative result. In other words, the additional evidence was not material.

Consequently, the plaintiff has failed to establish the threshold requirement that the additional evidence was new and material. Accordingly, the Appeals Council did not err in denying review of the law judge's decision.

This conclusion, moreover, defeats the plaintiff's argument that the Appeals Council failed to evaluate fully and adequately the totality of the evidence (Doc. 20, p. 5). This contention is paradoxical since the plaintiff did not mention the 2007 MRIs at all and mentioned the recent MRIs in only one sentence.

In addition, the plaintiff's argument is not accurate. The plaintiff asserts (id., p. 6):

> The sole comment upon the evidence submitted to them is that "[t]his new evidence is about a later time. Therefore, it does not affect the decision about whether you were disabled on or before October 25, 2012." (T. 2)

In fact, the Appeals Council stated (Tr. 1-2):

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council. We considered whether the Administrative Law Judge's action, findings, or conclusions are contrary to the weight of the evidence. We found that this information does not

provide a basis for changing the Administrative
Law Judge's decision.

We also looked at the following evidence: medical
records from Advanced Diagnostic Group dated
November 7, 2012; medical records from Mental
Health Care, Inc. dated December 19, 2012 through
December 20, 2012; medical records from Tower
Radiology Centers dated March 13, 2013; and
medical records from Baycare Outpatient Imaging
dated June 7, 2013. The Administrative Law Judge
decided your case through October 25, 2012. This
new information is about a later time. Therefore, it
does not affect the decision about whether you
were disabled beginning on or before October 25,
2012.

In other words, the Appeals Council not only said that the

additional evidence related to the time after the law judge's decision, but also

that "this information does not provide a basis for changing the

Administrative Law Judge's decision" (Tr. 2). As the Commissioner points

out, the Eleventh Circuit has said that such a statement is sufficient.

Mansfield v. Astrue, 395 Fed. Appx. 528, 530 (11th Cir. 2010); Barclay v.

Commissioner of Social Security Administration, 274 Fed. Appx. 738, 743

(11th Cir. 2008). Thus, the Eleventh Circuit has held that the Appeals Council

does not have to explain its denial of review.  Burgin v. Commissioner of

Social Security, 420 Fed. Appx. 901, 903 (11th Cir. 2011) (rejecting the

argument that the Appeals Council was required to indicate the weight it gave to the new evidence); Mansfield v. Astrue, supra, 395 Fed. Appx. at 530; Barclay v. Commissioner of Social Security Administration, supra, 274 Fed. Appx. at 743.  Therefore, the contention that the Appeals Council erred in failing to explain adequately its consideration of the additional evidence is meritless.

IV.

For these reasons, the plaintiff's challenge to the decision of the Commissioner is unavailing.  I, therefore, recommend that the decision be affirmed.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: DECEMBER ⏠⏠, 2014

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date

of its service shall bar an aggrieved party from attacking the factual findings

on appeal.  28 U.S.C. 636(b)(1).